Gladstein, Reif & Meginniss LLP
Katherine H. Hansen
William S. Massey
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
khansen@grmny.com
wmassey@grmny.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

1199SEIU UNITED HEALTHCARE WORKERS EAST,

|  |  |  |
|---|---|---|
| | Plaintiff, | ECF CASE |
| against | | 2:21-cv-10472 |

CRANFORD REHAB AND NURSING CENTER
and REHAB AT RIVER'S EDGE,

Defendants.
_____

## COMPLAINT FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION

### Introduction

1.   Plaintiff 1199SEIU United Healthcare Workers East ("Plaintiff" or "the Union") brings this action pursuant to section 301 of the Labor Management Relations Act, 1947, as amended, 29 U.S.C. § 185, to compel defendants to proceed to arbitration pursuant to a collective bargaining agreement and to maintain the status quo ante pending arbitration.

### Jurisdiction and Venue

2.   The Court has jurisdiction of this action under 29 U.S.C. § 185(a). Venue is appropriate under 29 U.S.C. § 185(c).

**Parties**

3.   Defendant Cranford Rehab and Nursing Center ("Cranford"), is a for-profit corporation with an office and principal place of business located at 205 Birchwood Avenue, Cranford, New Jersey. Cranford is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2).

4.   Defendant Rehab at River's Edge ("RRE") is a for-profit corporation that operates a nursing home located at 633 Route 28, Raritan, New Jersey. RRE is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2). Cranford and RRE are hereinafter referred to collectively as "Defendants."

5.   Plaintiff Union is a labor organization within the meaning of 29 U.S.C. §152(5) and the collective bargaining representative of the licensed practical nurses, certified nursing assistants, and housekeeping, dietary, and laundry employees employed by Cranford, and the certified nursing assistants, and housekeeping, dietary, and laundry employees employed by RRE.

**Facts**

6.   The Employer and the Union are parties to a collective bargaining agreement that establishes wages, hours and other terms and conditions of employment, including health insurance and paid sick leave, for the employees represented by the Union. The current agreement is effective through June 30, 2021.

7.   Article 32 of the collective bargaining agreement provides:

This Agreement shall be binding upon the parties hereto, their successors and assigns, and shall apply to all establishments now or hereafter owned, operated, or controlled by the Employer. If the Employer shall sell, transfer, or otherwise dispose in whole or in part of its business, merge or consolidate it with that of any other person, firm or corporation, the Agreement by which such sale, transfer, assignment, subletting, disposition, merger or consolidation is made must provide that the person,

firm or corporation thereafter to operate the business shall assume all of the terms and conditions of this Agreement, that it shall retain in its employ all employees then employed in the business; that the person, firm or corporation that thereafter operates the business shall be personally responsible for all unpaid wages, all fund payments, vacations, holidays, sick leave and all other monetary items. The Employer shall give prior notice of the existence of this Agreement to any purchaser, transferee, lessee, assignee, etc of the operation covered by this Agreement, or any part thereof.  Such notice shall be in writing and a copy served upon the Union at the time the seller, transferor or lessor executes a contract or transaction as herein described.  The Union shall also be advised of the exact nature of the transaction, excluding financial details.

8.   The collective bargaining agreement defines a grievance as "a dispute with regard to the application, interpretation or performance of an express term or condition of the Agreement."

9.   The procedures for resolving disputes between the parties provided for in the collective bargaining agreement and referred to in the preceding paragraph consists of grievance meetings between the parties and arbitration of unresolved disputes before a member of a rotating panel of two named arbitrators. Under the collective bargaining agreement, "[t]he decision of the Arbitrator shall be final and conclusively determine the matter[.]"

10. The parties' grievance and arbitration procedure provides further that "the Arbitrator is empowered to determine his jurisdiction; all questions of arbitrability; to grant all appropriate remedies; to include in his award mandatory and injunctive relief; and to determine the appropriate measures of damages." *Id.*

11. On April 12, 2021, the Union was notified by an employee that Cranford was to be sold.

12. The same day (April 12, 2021), the Union asked Noah Siegel ("Siegel"), Corporate Counsel to Excelerate HCS, the parent corporation and/or management

company that operates Cranford and RRE, to confirm whether Cranford was in fact going to be sold and also to advise whether RRE was to be sold as well.  The Union additionally requested information pertaining to the sale and reminded Siegel that the collective bargaining agreement mandated that Defendants include in any sale agreement a requirement that the purchaser assume the collective bargaining agreement (as modified and extended by the subsequent memoranda of agreement) and retain all bargaining unit employees.

13. The following day (April 13, 2021), the Union received a letter from the Administrator of Cranford stating that there would be a "change in management" at both Cranford and RRE effective May 1, 2021, and that they were looking to having a "seamless transition."

14. On April 14, 2021, the Union emailed Siegel stating that the Administrator had advised that there was no sale of Cranford or RRE, but rather just a new management team coming in.  The same day, Siegel replied, "Understood, I'm glad that was cleared up."

15. On April 26, 2021, the Union's organizer contacted Cranford's Human Resources Director, Wilma Manzano, to inquire about a change in the health insurance to Cigna about which he had learned from employees.  Manzano replied that the change to Cigna was not applicable to the Union's members.

16. On April 28, 2021, the Union received two separate letters from attorney Lou Capozzi, advising that he had been retained to represent each "potential new Operator" of the RRE facility and the Cranford facility, that there was to be a takeover of each facility "in the near future" and that each new Operator would not be assuming the CBA with the Union.  The letters set new Initial Terms and Conditions of Employment for

4

employees, and did not state that the new Operators would retain all bargaining unit employees.

17. The Union immediately informed Siegel via email that Defendants' sales of the facilities violated the terms of the collective bargaining agreement and protested the violation. The Union additionally reiterated its prior request to Defendants for a copy of the sale agreements and the anticipated closing dates.

18. On the same date (April 28, 2021), the Union filed a demand for arbitration and requested that an expedited arbitration hearing be conducted via Zoom on April 29, 2021. Arbitrator Timothy J. Brown replied that he was available to conduct the hearing after 11 a.m. on April 29, 2021. The Union stated that it was available at that time. Arbitrator Brown inquired as to whether the Employer was available, but the Employer did not respond.

19. On April 29, 2021, the Union left two voicemail messages for Siegel to inquire about the Employers' availability for arbitration.

20. On April 29, 2021 at 5:50 p.m. Arbitrator Brown issued an order scheduling an arbitration hearing to be held over the Zoom videoconference platform on April 30, 2021 at 12 p.m.

21. To date, Defendants have refused to postpone the sale pending grievance and arbitration or to provide the information concerning the sale that the Union has repeatedly requested.  In fact, Defendants have failed to respond whatsoever.

22. The Union has learned that the potential new operators do not intend to retain all bargaining unit employees upon assumption of operations.

## AS AND FOR A FIRST CAUSE OF ACTION

23. The Court has authority under 29 U.S.C. § 185 to enjoin Defendants from altering the status quo pending arbitration.

24. The proposed sale of Cranford and RRE without requiring the buyer to assume the terms and conditions of the collective bargaining agreement constitutes a violation of the collective bargaining agreement.

25. The collective bargaining agreement requires all unresolved disputes concerning the interpretation or application of the collective bargaining agreement to be heard and resolved by an arbitrator upon the request of a party, and empowers the arbitrator to issue an award that is final, conclusive, and binding upon the parties.

26. The Union has demanded arbitration of the dispute.

27. If Defendants are not restrained from: selling or transferring Cranford and RRE, taking any irreversible step toward sale or transfer, and terminating the employees, any award by the arbitrator will be rendered meaningless and the arbitration process will be frustrated.

WHEREFORE, it is respectfully requested that the Court grant an order

(i) requiring Defendants to maintain the status quo until the issuance and effectuation of the arbitrator's final award concerning the sale;

(ii) restraining Defendants from selling or transferring Cranford and RRE, taking any irreversible step toward sale or transfer, or terminating the employees of Cranford and RRE before the issuance and effectuation of the arbitrator's final award concerning the sale;

(iii) awarding the Union its costs and expenses, including reasonable attorney's fees, incurred in connection with this matter; and

(iv)    such other and further relief as the Court deems just and proper.


Dated: April 29, 2021

GLADSTEIN, REIF & MEGINNISS LLP

By:    ____*/s/ Katherine H. Hansen*____

Katherine H. Hansen
William S. Massey
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
khansen@grmny.com
wmassey@grmny.com

Attorneys for Plaintiff